UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5194 PA (MARx) | Date | October 18, 2023 |
|---|---|---|---|
| Title | Deandre Morrow, et al. v. Service Systems Associates, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

**Proceedings:**     **Order to Show Cause Re: Dismissal For Lack Of Prosecution**

    On October 2, 2023, the Court issued and Order to Show Cause ("OSC") why this action should not be dismissed for lack of prosecution due to Plaintiffs' failure to serve the defendants in this matter within 90 days after the complaint was filed. Fed. R. Civ. P. 4(m). On October 12, 2023 the Court received a letter from Plaintiffs stating that they had served the Defendants by mail in July of this year, and also that they had sent the proof of service to the Court by mail. Plaintiffs' letter included a certified mail receipt addressed to Defendant Service Systems Associates, Inc. ("SSA"), a screen shot of a United States Postal Service tracking record purporting to show delivery of the summons and complaint to the address listed for defendant SSA, and a proof of service of summons and complaint on SSA and the second named defendant in this matter, Cesar Hercules, by certified mail. This proof of service (dated June 23, 2023) is signed by Plaintiff Montoya and has not been filed with the Court.

    Local Rule 83-2.5 prohibits sending letters to communicate with the Court in a pending matter. The Court specifically mentioned this prohibition in its July 11, 2023 Self Representation Order. In this instance, the Court has considered Plaintiffs' letter as a response to the Court's OSC. In the future, Plaintiffs must comply with the Federal Rules of Civil Procedures, the Local Rules and the Court's Standing Orders. Failure to do so could result in the imposition of sanctions, including but not limited to, dismissal of this action.

    Regarding the sufficiency of Plaintiffs' service in this matter, Federal Rule of Civil Procedure 4(m) imposes a time limit for service. Specifically, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5194 PA (MARx) | Date | October 18, 2023 |
|---|---|---|---|
| Title | Deandre Morrow, et al. v. Service Systems Associates, Inc., et al. | | |

Fed. R. Civ. P. 4(m). Rules 4(e) and 4(h) establish the requirements for serving individuals and corporations. Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of serving an individual: (1) personal delivery to the party, see Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), see id. § 415.20; (3) service by mail with acknowledgment of receipt, see id. § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, see id. § 415.40; and (5) service by publication, see id. § 415.50. California law allows for service on corporations and other business entities through multiple means, including by: (1) serving a designated agent for service of process or the corporation's officer or general manager, see id. § 416.10; (2) leaving the summons and complaint with a person apparently in charge of the business organization if there is no registered agent, see id. § 415.95; or (3) serving the California Secretary of State, see Cal. Corp. Code § 1702.

   The unfiled proof of service attached to Plaintiffs' letter fails to comply with Rules 4(e) and 4(h). Because Plaintiffs are proceeding pro se, the Court will afford them an additional opportunity to properly serve each named Defendant in this matter. The Court has warned Plaintiffs that appearing pro se is not without its pitfalls, and that it is Plaintiffs' responsibility to comply with the applicable rules, including but not limited to the proper filing and service of all matters before the Court. The Court therefore continues the deadline for Plaintiffs to respond to the October 2, 2023 order to show cause to November 1, 2023. If Plaintiffs have not filed proofs of service establishing compliance with all of the requirements of Rules 4(e) and (h) by that date, the Court will dismiss this action without prejudice.

   IT IS SO ORDERED.